THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| KRISTY A. DAVIS, | Case No. 2:10-CV-00812-DS |
| Plaintiff, | |
| vs. | |
| | **MEMORANDUM DECISION** |
| MICHAEL J. ASTRUE, Commissioner of Social Security | |
| Defendant. | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Ms. Davis ("Plaintiff") has a long history of mental illness, obesity and back problems (Tr. 221-222). Plaintiff has visited a number of physicians for obesity, lower back pain, depression, migraines, hypothyroidism, and anxiety. Plaintiff had also previously been diagnosed with scoliosis as a teen and had surgery for carpal tunnel in July of 2005 (Tr. 259). Plaintiff complains of some residual physical difficulties regarding her carpal tunnel, but only one of her treating sources, Sara Staher concurs in this assessment. In February 2008, Plaintiff filed applications for disability insurance benefits and supplemental security income, alleging an onset of disability beginning October 1, 2005 (Tr. 125,127). Her applications were denied initially and on reconsideration (Tr. 73-84). On October 28, 2009, the administrative law judge issued a decision denying Plaintiff's claim (Tr. 10-22). On July 10, 2010, the Appeals Council denied Plaintiff's request for review (Tr. 1-3). Plaintiff timely requested judicial review.

Plaintiff seeks remand for further consideration based on three claims: 1) the administrative law judge ("ALJ") failed to properly develop the record, 2) the ALJ improperly evaluated the medical opinion evidence, and 3) the ALJ failed to consider all of Plaintiff's ailments when evaluating her Residual Functional Capacity ("RFC"). This court reviews the Social Security administration's decision to determine whether substantial evidence in the record supports the factual findings and whether the correct legal standards were applied. *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id*. (citation omitted). The Court "will not reweigh the evidence or substitute [its] judgment for the Commissioner's." *Id.* (citation omitted).

The ALJ's failure to discuss Plaintiff's x-rays or to include them in the record did not prejudice Plaintiff and, if error, was harmless. The Supreme Court has held that the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination. *See Shinseki v. Sanders*, 129 S. Ct. 1696, 1706 (2009). Similarly, the Tenth Circuit has held that "the party challenging the action below bears the burden of establishing that the error prejudiced the party." *St. Anthony v. U.S. Dep't of Health and Human Servs.*, 309 F.3d 680, 691 (10th Cir. 2002). Where a possible error is "minor enough not to undermine confidence in [an ALJ's] determination," the court is not mandated to remand. *Gay v. Sullivan*, 986 F.2d 1336, 1341 (10th Cir. 1993). Here, Plaintiff has failed to show how she was prejudiced. Although the x-rays demonstrated a vacuum disc, moderate to marked disc space narrowing at L5-S1, and the presence of osteophytes (bony outgrowths), they did not indicate limitations, if any, that may be associated with such evidence.
2

Furthermore, the ALJ found Plaintiff's lower back condition was a severe impairment (Tr. 12), though not entirely disabling. The Tenth Circuit has held that there is no need to further develop the record where sufficient information existed for the ALJ to make a disability determination. *Cowan v. Astrue*, 552 F.3d 1182, 1186-1187 (10th Cir. 2008). The record in this case contained sufficient evidence, physical examination findings (Tr. 248, 260-61, 275), to support the ALJ's determination regarding Plaintiff's back condition and its limitations. The ALJ's failure to admit Plaintiff's X-ray into the record was minor and did not prejudice Plaintiff and thus does not necessitate a remand.

However, the ALJ failed to follow appropriate procedures when he evaluated the medical opinion evidence on record. Case law, applicable regulations and Social Security Rulings require that in evaluating the opinion of a treating physician, the ALJ must follow a sequential analysis. *See Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003); Social Security Ruling (SSR) 96-2p, 1996 WL 374188, at 5*. First, an ALJ must decide whether a treating source opinion should be given controlling weight. *Watkins v. Barnhart*, 350 F.3d at 1300. If the opinion is well supported by medically acceptable diagnostic techniques and is consistent with other substantial evidence in the record, he must give the opinion controlling weight. *Pisciotta v. Astrue*, 500 F.3d 1074, 1077 (10th Cir. 2007). If the ALJ determines that the opinion should not be afforded controlling weight, he must then consider whether the opinion should be rejected altogether or assigned a lesser weight. *Id*. The ALJ must give good reasons in the decision for the weight assigned to the treating physicians' opinions. *See* 350 F.3d at 1301. Regardless of its source, the Social Security Administration commits to considering six factors when weighing medical

opinions: 1) examining relationship, 2) treatment relationship, 3) supportability, 4) consistency, 5) specialization, and 6) other factors. 20 C.F.R § 404.1527(d).

The treating physicians in the record of this case are Drs. Chipman, Cole, Greenwood, Carlisle, Nunn, the physicians at Pleasant Creek Wellness Center, and possibly Mr. Peter Danzig, therapist. The ALJ discussed the medical assessments of the above doctors, with the exception of Mr. Danzig, but failed to discuss all of the six factors above and stated only ambiguously, if at all, the weight accorded to each.

In 2006, Bret Chipman, M.D. examined Plaintiff and assessed migraines, neck pain, and anxiety and prescribed medications (Tr. 238-53). The ALJ stated that "Dr. Chipman is an acceptable medical treating source and the undersigned finds his findings to be credible" (Tr. 16). The ALJ analyzed Dr. Chipman's findings in some depth, but failed to assess the opinion according to the six factors listed above or to specify what weight he attributed to Dr. Chipman's opinion (Tr. 16).

In January 2008, Plaintiff went to Gary Cole, D.O., complaining of lower back pain (Tr. 247). Dr. Cole assessed chronic lower back pain and morbid obesity, and prescribed pain medication, a muscle relaxant, and physical therapy (Tr. 248). The ALJ found Dr. Cole "to be an acceptable medical treating source. Weight is applied to his findings as they are in line with other medical opinions of record" (Tr. 17). The ALJ discussed Dr. Cole's findings, as well as those of other medical treating sources, but failed to give an assessment based on the six factors above or explain which findings qualified as "findings...in line with other medical opinions" and what weight they were given (Tr. 17).

On May 20, 2008, Plaintiff presented to Mark Greenwood, M.D., for a consultative physical examination (Tr. 259). He assessed depression, morbid obesity, chronic mechanical low back strain, and mild diffuse paraspinal spasm (Tr. 260-261). The ALJ found "Dr. Greenwood to be an acceptable medical examining source. His findings are given weight as he did a very thorough and comprehensive examination of the claimant" (Tr. 18). Despite his thorough discussion, the ALJ did not specify how much weight was given to Dr. Greenwood's findings (Tr. 17).

On May 27, 2008, Plaintiff received a consultative psychological evaluation from A.L Carlisle, Ph.D. (Tr. 221). Dr. Carlisle diagnosed major depressive disorder, mild to moderate, and determined her GAF as 72 (slight impairment in social, occupational, or school functioning) (Tr. 224). The ALJ stated that "Dr. Carlisle is an acceptable medical examining source, adopting his credible findings into the decisional record" (Tr. 17). The ALJ did not indicate which of Dr. Carlisle's findings were credible or how much weight he accorded to them, as required (Tr. 17).

On June 10, 2008, Plaintiff presented to Charles Nunn, M.D., with complaints of lower back pain (Tr. 275). He assessed chronic back pain and prescribed medication (Tr. 275). The ALJ stated that "Dr. Nunn is an acceptable medical examining source. As such, findings are incorporated into the decision, as being reflective of other doctor's medical findings" (Tr. 18). The ALJ did not evaluate Dr. Nunn's opinion based on the six factors or explain what weight he gave to the doctor's findings (Tr. 18).

In May and June of 2009, Plaintiff was seen through Pleasant Creek Wellness Center and was assessed with obesity, depression, and hypothyroidism (Tr. 321-24). The ALJ stated that "no significant problems were noted other than the need to get better regulated on her thyroid

medication. Her complaints of chest discomfort could be due to her stress level and having problems with anxiety. Her edema and tendon pain were easily treatable and amendable to conservative measures" (Tr. 19). The ALJ did not state what weight, if any, he gave to these opinions (Tr. 19).

The ALJ also considered the opinion of Sara Staher, APRN, who assessed claimant with obesity, hypothyroidism, adrenal insufficiency, depression, and marked limitations in work capacity (Tr. 326-27). The ALJ considered Ms. Staher's opinion but did "not apply much weight" because she was not an acceptable medical treating source and her findings were "greatly exaggerated" and "out-of-proportion to what was reflected in the record as a whole" (Tr. 19). The ALJ properly assessed Ms. Staher's opinion and gave it weight accordingly.

The ALJ failed to mention the opinion of Mr. Peter Danzig, a therapist Plaintiff had seen from 2004 to 2006. Mr. Danzig assessed major depression, assessed a GAF of 30 (major impairment in several areas such as work, school, family relations, judgment, thinking, or mood) (Tr. 233). The ALJ did not address Mr. Danzig's opinion and it is thus impossible to review whether he attached an appropriate weight to Mr. Danzig's opinion, or even if Mr. Danzig is an acceptable medical examining source.

The ALJ discussed Plaintiff's medical findings in depth and his ultimate conclusion may be supported by substantial fact, but the court is unable to adequately review his findings as his decision was not clear about the weight given to each medical opinion. Although an ALJ may make implied findings, *See Brunelli v. Mathews*, 424 F. Supp. 622, 625 (D. Col. 1976); *see also Hutchinson v. Bowen*, 787 F.2d 1461, 1463 (11th Cir. 1986), this court will not assume implied findings where the opinion was not even discussed, as in the case of Mr. Danzig.

The Commissioner raises the novel argument that the medical evidence from Drs. Chipman, Carlisle, Cole, Greenwood, and Nunn are not opinions as defined by the regulations and ruling. A medical opinion is defined as

> statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions.

20 C.F.R § 404.1527(a)(2).

The commissioner argues that because these opinions did not explicitly assess limitations, they are not medical opinions. However, a fair reading of the regulation and an analysis of the medical records indicate that these diagnoses constitute medical opinions because they reflect judgments about the nature and severity of Plaintiff's impairments. Furthermore, this is not the ALJ's argument, but rather a *post hoc* argument of the Commissioner. This court "may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself." *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007). Because the court is unable to adequately review the decision of the administrative law judge without a more clearly weighted decision based on all medical opinions of record, the case is remanded for further findings.

Upon remand, the ALJ should also adequately consider Plaintiff's obesity in relation to her other impairments. Social Security Ruling (SSR) 02-1p requires an ALJ to consider the effects of obesity when assessing a claimant's RFC. This includes the fact that "the combined effects of obesity with other impairments can be greater than the effects of each of the impairments considered separately." Titles II & XVI: Evaluation of Obesity, SSR 02-1p, 2000 WL 628049 at *1 (Sept. 12, 2002). An ALJ may "not make assumptions about the severity or

functional effects of obesity combined with other impairments," but, rather, must "evaluate each case based on the information in the case record." Id at *6. The ALJ must address in his decision how his RFC assessment was influenced by the claimant's obesity. *DeWitt v. Astrue*, No. 09-3250 (10th Cir. 2010).

Here, the ALJ found that Plaintiff's obesity was a severe impairment (Tr. 12) and discussed her numerous diagnoses of morbid obesity (Tr. 14-20). However, he failed to evaluate the combined effects of obesity and her other impairments (i.e. carpal tunnel, low back pain, etc.). He stated that her "obesity was a major factor in making her more fatigued and occasionally short-of-breath" (Tr. 20). He also stated that he had "reviewed the above medical findings" (Tr. 20), virtually all of which diagnosed Plaintiff with obesity. However, this type of "boilerplate language" is improper; the ALJ must "carefully conside[r] all the relevant evidence and lin[k] his findings to specific evidence." *Barnett v. Apfel*, 231 F.3d 687, 689 (10th Cir. 2000).

Accordingly, the court remands for further findings regarding Plaintiff's medical opinion evidence and the combined effects of her obesity with her other impairments.

**IT IS SO ORDERED**.
Dated this 23rd day of June, 2011

_David Sam_
David Sam
Senior Judge
United States District Court